

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 18, 1942

Hon. Fred L. Blundell
District Attorney
Lockhart, Texas

Opinion No. O-4592
Re: Under the facts submitted can the commissioners court place a constable of one precinct on a salary basis without treating all other constables of other precincts in the county on a similar basis, and another question?

Dear Sir:

Your letter of May 12, 1942, requesting the opinion of this department, reads as follows:

"Because of the urgency of providing a way of assisting in law enforcement at Luling, the Commissioners' Court of this county would appreciate as speedy a reply as possible to the questions involved in the attached statement of the subject matter.

"We will appreciate any information on the matter that you can give so that the court can act in the matter, if there is anything they can do."

We quote the statement accompanying your inquiry, which is as follows:

"IN RE: Constable's Salary or Pay of Prec. Two, Caldwell Co. Texas.

"A history of the point inquired about arises out of the fact that the present Constable of said precinct is a valuable law enforcement officer residing within said precinct at Luling, Texas, in which city one deputy sheriff resides. He enforces the law well and the people of the precinct and city want to keep him, but the fees of his office are insufficient for his maintenance and a fair possibility exists of his resigning unless something can be done.

"Art. 3912e (Sec. 17) provides that constables remain on the fee basis unless the commissioners court determines otherwise; all constables of this county are now on a fee basis; none of the Justices of the Peace or Constables fees in this county go into the Officers' Salary Fund as provided in said article; the people of Luling want for their said constable some augmentation of his fees by act of the Commissioners' Court of the county if this is possible.

"Question One:  Under the above facts can the Commissioners'
Court place said constable of said Precinct Two on a salary
basis without at the same time treating all other constables
of the other precincts within the county on a similar basis?

"Question Two:  If the above question is answered in the
affirmative, could said Commissioners' Court pay in part or
in whole said constable's salary out of the General Funds of
the County, or out of any particular fund, such as the Road &
Bridge Fund of said precinct, or the area of the county within
said precinct?  In clarification of this last question, I will
explain that the area of Justice Precinct No. Two has the
same limits as said Road & Bridge Fund No. 2 and of Commission-
ers' Precinct No. Two of said county.  The people of said area
and.city submit the question that as it.is their taxes that
make up the funds of said Fund No. 2 and as they need this pro-
tection from said constable that they would not object to at
least part of said constable's salary being paid out of said
fund if possible.

"As said constable is contemplating taking other employment,
more compensative, unless something is or can be done, it is
urged that a reply to the above be given as soon as possible,
as they think law enforcement in their vicinity will suffer un-
less a way can be found to relieve the present situation."

This department has heretofore ruled on several questions similar
to the questions presented in your inquiry.  In our opinion No. 0-516 (con-
ference opinion No. 3045), this department held:

"The commissioners court is without authority to place
one precinct officer upon a salary basis and leave other offi-
cers upon a fee basis.  The system must be uniform and the
commissioners court must place all of the precinct officers
upon a salary basis or leave all upon a fee basis under the
salary law.

"Where the commissioners court places the precinct offi-
cers of the county upon a salary basis as outlin ed in the
officers salary law, the commissioners court has no authority
to s et a precinct officers salary at less than the total sum
earned as compensation by him in his official capacity for the
fiscal year 1935, and that the commissioners court has no au-
thority to set a precinct officers salary at more than the
maximum amount allowed such officer under laws existing August
24, 1935."

In opinion No. 0-2421 this department held that:

Hon. Fred L. Blundell, page 3 (O-4592)

"It is the opinion of this department that it is not possible to compensate a justice of the peace on a salary basis of counties having a population of lessthan 20,000 inhabitants according to the last precedin g federal census unless all the precinct officers of said county are compensated on a salary basis, and the commissioners court of said county has passed an order providing for the compensation of all precinct officers of the county on a salary basis at the first regular meeting in January of the calendar year in question."

Our opinion No. O-915 concerns a similar question. We enclose copies of all of the above mentioned opinions for your convenience.

In view of the opinions mentioned above and the authorities cited therein, your first question above should be answered in the negative and is so answered.

As we have answered your first question in the negative, we do not think that your second question requires any answer. Therefore, we do not deem it necessary to discuss or pass upon said question.

Trusting that the foregoing  fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED MAY 19, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

AW:AMM:wb